## I. GOLDSMITH *v.* B. F. CONE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—521, 531.]

**Construction of Will.**

> Where, in her will, a testatrix directs her real estate to be sold and provides for distributing the proceeds to legatees, such language is mandatory; and by such direction she creates an equitable conversion of the real estate into personalty before the sale. In such a case a court of equity must regard the real estate as converted into money even before its sale.

APPEAL FROM KENTON CHANCERY COURT.

January 1, 1886.

OPINION BY JUDGE HOLT:

The second clause of the will of Emma R. Vandergrift contains this language: "My real estate, corner of Madison and Twelfth streets in Covington, Ky., and on Fourth street in Cincinnati, Ohio, I direct to remain unsold until after final division is to be made of my estate." Evidently the word "after" was inserted by mistake of the draftsman.

The fourth clause says, "I give and devise all my real property and estate of every kind and description whatever and wherever situated, including my real property in Kentucky and Ohio, to my husband, Benjamin R. Vandergrift, to have and to hold to him

with all the rents, issues and profits thereof for and during his natural life. * * * But the gifts and devises to my husband in this section embraced are subject to this express condition: that should he marry again after my decease then and in that event said gifts and devises are to cease, determine and to become of no effect; my residuary legatees are to have the right at once and without notice to take immediate custody and control of all of my real and personal property of every kind whatever, and in lieu of the devises and bequests to him in this section I give and bequeath to my husband the sum of $1,500 payable in equal semi-annual instalments, and to constitute a charge on my estate."

The sixth clause reads thus: "All the rest, residue and remainder of my estate after the payment of the legacies heretofore mentioned, and immediately after my husband's death, is to be divided into two equal portions, which are given, devised and bequeathed in this, my will, as follows: One portion thereof to my said sister, Mrs. Maria Iler, to have and to hold for life, and after her death said portion is to be equally divided between the two children of my said sister, William E. Iler and Mrs. Emma Cone, and is to be her sole and separate estate free from control of her present or any future husband. The other portion, being one-half of the residue and remainder of my estate, is devised and given to the children of my deceased brother, Enoch Vanosdell, and of such said Enoch's children as may be deceased, such children to take their deceased parents' portion to have and to hold to them, to share and to share alike. I direct and authorize a sale and conveyance by my personal representative of all my real and personal estate wherever situated to secure a division and distribution thereof, as in this section of my will provided."

The testatrix died on January 19, 1877. Her husband, who was executor, died on January 1, 1880. Emma Cone died intestate on February 13, 1880, domiciled in the state of Oregon, leaving her husband and six children surviving her. By the law of that state a husband is, after the payments of debts and costs of administration, entitled in his own right to all the personalty belonging to his deceased wife, if she dies intestate; and the question presented by this appeal is whether the children of Mrs. Cone are entitled to what she would receive, if living, from the Vandergrift estate, or whether her husband, who as such and her administrator is claim-

ing it, is entitled to it. ' The question arises between him and an attaching creditor of one of the children, and relates only to the proceeds of the real estate, it having been sold by the administrator with the will annexed of Mrs. Vandergrift since her husband's death, and there being no other means in his hands.

It is questioned whether Mrs. Vandergrift had the power to make a will, and whether the husband of Mrs. Cone is entitled to the fund, even if the land under the will is to be treated as thereby equitably converted into personalty, as by the will it was her separate estate and free from her husband's control. Counsel, however, do not erroneously urge these questions, but only suggest them. It appears by the law of Ohio a married woman can dispose by will of any property owned by her; and it is shown that the real estate of this state was held by Mrs. Vandergrift as her separate estate. The creation of a separate estate in Mrs. Cone by the will does not affect the rights of her surviving husband. It only excluded him during the life of his wife. If by the will of Emma Vandergrift there was an equitable conversion of her realty into personalty, then the interest of Mrs. Cone under it was personal estate and must pass according to the law of her domicil.

The testatrix directed that no sale of her realty should be made until the time arrived for the final division of her estate, and this should be made immediately after her husband's death by dividing it into two equal portions; and to this she prays, "I direct and authorize a sale and conveyance by my personal representative of all my real and personal estate wherever situated to secure a division and distribution thereof, as in this (sixth) section of my will provided." Evidently her purpose was to make an equal division of her estate after the payment of the specific legacies named in it. For this purpose she directed the real estate should be sold by her personal representative at the expiration of the period when it could not be encumbered with the life estate, and then the proceeds were to be equally divided. No other construction is possible, because she imperatively requires the rule to be made for the purpose of making a division, "as is in this (sixth) section of my will provided"; and as if to insure it the will further provides that, in the event of the remarriage or death of her husband, the county court should appoint an administrator with the will annexed "who will see that all and singular the provisions herein are fully car-

ried out." If a mere discretionary power had been given to the personal representative to convert the real estate into personalty, then no change in its character would have taken place until the exercise of the discretion. But in this instance the language is mandatory, and by it an equitable conversion of the realty into personalty was created before the sale.

In the case of *Gedges &c. v. Western Bap. Theo. Inst.,* 13 B. Mon. (Ky.) 530, a life estate was created in the realty, at the termination of which the executor was to sell it and divide the proceeds as by the will directed, and it was held that as the direction to sell was peremptory a court of equity must regard it as converted into money even before a sale. In the case of *Hocker v. Gentry,* 3 Metc. (Ky.) 463, it was said: "If directions to sell be positive, the right of the legatee will, in equity, be regarded as a right to money from the time of the testator's death though the period of sale is remote, and the conversion can not be made until the time arrives." There are numerous cases to this effect.

It is, however, urged that there is this distinction between them and this case; that in them the will provided for a distribution of "the proceeds," while in this case the use of the words "give," "devise" and "bequeath" shows that the testatrix recognized the distinction between them as to realty and personalty, and failed to dispose of "the proceeds," or at least did not use this term. It is true that it does not occur in the will; but she directed a sale, and that her estate be then divided into two portions by her personal representative and then distributed. This is certainly equivalent to the language found in the cases where it has been held that an equitable conversion of the realty was created by the will. The right of Mrs. Cone was in equity the right to her portion of the estate in money from the time of the death of the testatrix, although the time of sale was postponed. The testatrix intended money to be divided and not the realty, and it was in equity a bequest of personalty and not a devise of the land.

Judgment *affirmed.*

*J. F. and C. H. Fisk, for appellant.*

*W. H. Mackoy, W. A. Hicks, for appellees.*